# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.   11 B 36422 |
| **ETHAN E. TRULL** and | ) | Honorable Jacqueline P. Cox |
| **MICHELE F. TRULL,** | ) | Motion Date: February 22, 2012 |
| | ) | Motion Time: 9:30 a.m. |
| Debtors. | ) | |

## NOTICE OF MOTION

TO:    See Attached Service List

PLEASE TAKE NOTICE THAT on February 22, 2012, at the hour of 9:30 a.m., the **FIRST INTERIM AND FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTORS** shall be heard by the Honorable Jacqueline P. Cox of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 619 at 219 South Dearborn Street, Chicago, Illinois, 60604. A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

GOLAN & CHRISTIE LLP

## AFFIDAVIT OF SERVICE

I, Beverly A. Berneman, an attorney, certify that the above captioned Notice of Motion and First Interim and Final Application for Compensation of Counsel for the Debtors were served upon the parties who receive notice via CM/ECF filing and those who receive notice via Regular Mail with postage pre-paid from 70 W. Madison, Chicago, IL 60602 on February 1, 2012.

/s/*Beverly A. Berneman*
    Beverly A. Berneman

GOLAN & CHRISTIE LLP
Attorneys for Debtor
70 West Madison Street, Suite 1500
Chicago, Illinois 60602
(312)263-2300

## SERVICE LIST

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn St.
Chicago, IL 60604

Associate Area Counsel, SB/SE
200 West Adams Street
Suite 2300
Chicago, IL 60606

United States Attorney
219 S. Dearborn Street
Chicago, IL 60604

D. Patrick Mullarkey
Tax Division (DOJ)
PO Box 55
Ben Franklin Station
Washington, DC 20044
 (*Contested Matters)

Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999

Marshall and Leila Taylor
c/o Robert J. Labate
Holland & Knight LLP
131 S. Dearborn St., 30th Fl.
Chicago, IL 60603

American Express
P.O. Box 0001
Los Angeles, CA 90096-0001

AT&T Universal Rewards Card
Customer Service
PO Box 6500
Sioux Falls, SD 57117

Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019

Baxter Credit Union
c/o James E. Popjoy
Law Office of James E. Popjoy
135 S. LaSalle St., Ste. 3705
Chicago, IL 60603

BCU
Customer Service
P.O. Box 31112
Tampa, FL 33631-3112

Charles Schwab - Retiremt Plan Svcs
4150 Kinross Lakes Parkway
PO Box 5050
Richfield, OH 44286

Capital One
PO Box 30285
Salt Lake City, UT 84130

Discover
PO Box 6103
Carol Stream, IL 60197

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH 43054-3025

Illinois Department of Revenue
Springfield, IL 62736

Levin Schreder & Carey
120 N. LaSalle St., 38th Flr.
Chicago, IL 60602

M&A Trust Co.
11270 West Park Place
Ste. 400
Milwaukee, WI 53224

Ocwen Loan Servicing LLC
Attn: Customer Service Department
PO Box 24738
West Palm Beach, FL 33416

PNC Bank
PO Box 94982
Cleveland, OH 44101

Ungaretti & Harris LLP
c/o Thomas M. Fahey, Managing Prtnr
70 W. Madison, Ste. 3500
Chicago, IL 60602

Jerry Jacks
Edward Jacks & Company, LLC
920 S. Waukegan Rd.
Lake Forest, IL 60045

Department of Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Discover
PO Box 30943
Salt Lake City, UT 84130

FIA Card Services, N.A.
PO Box 15102
Wilmington, DE 19886-5102

Lake County Collector
18 N. County St.
Ste. 102
Waukegan, IL 60085

Litton Loan Servicing
PO Box 4387
Houston, TX 77210

Navigant Consulting, Inc.
4511 Paysphere Circle
Chicago, IL 60674

PNC Bank
PO Box 856177
Louisville, KY 40285

Marion Feinberg
7023 N. Tripp
Lincolnwood, IL 60712

Leila Taylor, as Co-Executor of the
Estate of Erla Feinberg
c/o Robert H. Lang
Thompson Coburn LLP
55 E. Monroe St., 37th Fl.
Chicago, IL 60603

Marshall and Leila Taylor
9480 La Jolla Farms Road
La Jolla, CA 92037

Michael Feinberg
44 Park Lane, Apt. 336
Park Ridge, IL 60068

Michael Feinberg
c/o Michael Durkin, Esq.
Pederson & Houpt
161 N. Clark St., Ste. 3100
Chicago, IL 60601

BCU
340 N. Milwaukee Ave.
Vernon Hills, IL 60061

Jon Taylor
c/o Trent Cornell
Stahl Cowen Crowley Addis LLC
55 W. Monroe St., Ste. 1200
Chicago, IL 60603

Jon Taylor
5526 Coral Reef Ave.
La Jolla, CA 92037

Aimee Taylor-Severe
5993 Seacrestview Rd.
San Diego, CA 92121

Lisa Schroeder
2624 Ellentown Rd.
La Jolla, CA 92037

Aron Feinberg
180 Riverside Drive
Deerfield, IL 60015

Fifth Third Bank
Trustee for the Erla M. Feinberg Trust
c/o John D. Burke and Douglas A. Henning
Ice Miller LLP
200 W. Madison St., Ste. 3500
Chicago, IL 60602

Ethan and Michele Trull
2663 Marl Oak Dr.
Highland Park, IL 60035

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.   11 B 36422 |
| ETHAN E. TRULL and | ) | Honorable Jacqueline P. Cox |
| MICHELE F. TRULL, | ) | Motion Date:  February 22, 2012 |
| | ) | Motion Time:  9:30 a.m. |
| Debtors. | ) | |

**FIRST INTERIM AND FINAL APPLICATION FOR COMPENSATION
OF COUNSEL FOR THE DEBTORS**

The attorneys of the law firm of GOLAN & CHRISTIE LLP ("G&C"), counsel for the Debtors, ETHAN E. TRULL and MICHELE F. TRULL ("Debtors"), apply to this Court for an order approving the payment of interim fees in the amount $52,685.00 for services rendered from September 6, 2011 to January 17, 2012 and the costs of preparing this fee petition in the amount of $2,065.00 for a total of $54,750.00 plus expenses in the amount of $1,600.56 and in support thereof states as follows:

**I. JURISDICTION**

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

**II. GENERAL BACKGROUND**

On September 6, 2011, (the "Petition Date"), Debtors filed a voluntary petition relief under Chapter 11 of the United States Bankruptcy Code.

On October 5, 2011, this Court entered an order allowing the retention of Robert R. Benjamin, Beverly A. Berneman, Donna F. Hartl and Nancy Franks-Straus, as counsel for the Debtors. Since that time attorneys Caren A. Lederer and Anthony J. D'Agostino have also appeared for the Debtors.

### III. CASE STATUS

Debtors are individuals and married to each other.

On January 17, 2012, this Court entered an order approving the Debtors' Disclosure Statement and confirming the Debtors' Plan of Reorganization.

### IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.  General Information.  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees.  The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary.  G&C has provided accurate and detailed records of the services which were made contemporaneously with the services performed.  *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category.  Much care has been taken to properly categorize the activities to the degree possible.  Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); In *re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B.  Billing Entries.  G&C uses computerized time and billing software in the preparation of a fee petition. This interim fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity.  It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service.  Where appropriate, it contains a

statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

    C.    <u>Hourly Charges.</u> G&C charges all clients, including for non-bankruptcy matters which are as follows:

| | |
|---|---|
| Partner (in office) | $350.00/hour |
| Partner (in court) | $480.00/hour |
| Senior Associate | $290.00/hour |
| Associate | $220.00/hour |
| Paralegal | $100.00/hour |

## V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

### A. COVER SHEET
### *[LOCAL RULE 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filing of this application for compensation.

### B. NARRATIVE SUMMARY
### *SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY*
### *[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---:|---:|
| ADM | Administration | 35.20 | 12,300.00 |
| ADVS | Adversary Complaints | 13.20 | 4,685.00 |
| AUTST | Automatic Stay | 0.20 | 70.00 |
| CLM | Claims | 4.70 | 1,645.00 |
| EXC | Executory Contracts | 3.30 | 1,025.00 |
| FEE | Fee Petition | 5.90 | 2,065.00 |
| FIN | Objections to Claim | 16.60 | 5,810.00 |
| PLAN | Plan | 77.20 | 27,150.00 |
| | | | |
| **TOTAL** | | **156.30** | **$54,750.00** |

### C. NARRATIVE SUMMARY
*SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL*
*[Local Rules 5082-1(B)(1)(b) and (d)]*

From September 6, 2011 to January 17, 2012, the Debtor has incurred $52,685.00[1] in fees at G&C's customary hourly fee rates, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section V.E. below.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

**1.** *ADMINISTRATION*

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as communications with the Debtor regarding the Debtor's income and expenditures during the pendency of the case, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors,

---

1 Exclusive of fees incurred in preparation of this fee petition in the amount of $2,065.00.

-4-

communicating with the United States Trustee's office regarding issues related to the case, rendering services pertaining to property of the estate and counseling debtors regarding the tax implications of individuals in a Chapter 11 case. The tax issues involved issues related to the separate identity of the Debtors as Chapter 11 Debtors and the treatment of losses in the form of attorneys fees incurred in the Erla Trust Litigation. The benefits of these services to the Debtors and their estate were both economic and non-economic. The economic benefits resulted in the Debtors operating smoothly during the reorganization process and assuring its compliance with the administrative requirements of a Chapter 11 debtor. The remainder of the services was of non-economic benefit to the Debtors by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 15.50 | 350.00 | 5,425.00 |
| Beverly A. Berneman (BAB) | Partner | 9.80 | 350.00 | 3,430.00 |
| Beverly A. Berneman (BAB) | Partner | 0.60 | 480.00 | 288.00 |
| Donna F. Hartl (DFH) | Partner | 4.50 | 350.00 | 1,575.00 |
| Caren A. Lederer (CAL) | Partner | 1.00 | 480.00 | 480.00 |
| Nancy Franks-Straus (NFS) | Sr. Associate | 3.80 | 290.00 | 1,102.00 |
| | | 35.20 | | $12,300.00 |

**2.   *ADVERSARY COMPLAINTS***

Debtors brought two adversary complaints. The first was against PNC Bank to strip down the second, wholly unsecured mortgage. Debtors obtained a judgment in their favor. The second is against Levin, Shreder & Carey to set aside a preferential transfer. Levin, Shreder & Carey have answered the complaint and have engaged in settlement negotiations with the Debtors. The services

benefitted the estate on an economic manner by reducing the Debtors' secured liabilities. The services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 6.80 | 350.00 | 2,380.00 |
| Robert R. Benjamin (RRB) | Partner | 0.50 | 480.00 | 240.00 |
| Beverly A. Berneman(BAB) | Partner | 5.90 | 350.00 | 2,065.00 |
| | | 13.20 | | $ 4,685.00 |

**3.    *AUTOMATIC STAY***

These services involved a demand made on Michele that violated the automatic stay. The services benefitted the estate on an economic and non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Beverly A. Berneman(BAB) | Partner | .20 | 350.00 | 70.00 |

**4.    *CLAIMS***

Counsel rendered services related to claims bar dates and the treatment of claims filed by creditors. Counsel also answered questions from creditors regarding the status of their claims. The services benefitted the estate on an economic and non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin | Partner | 4.70 | 350.00 | $1,645.00 |

5.  *EXECUTORY CONTRACTS*

Counsel determined whether the Debtors' hangar lease at the Waukegan Airport was executory and then successfully moved to reject the lease. The services benefitted the estate on an economic basis by reducing the Debtors' ongoing liability. The services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 0.50 | 350.00 | 175.00 |
| Beverly A. Berneman (BAB) | Partner | 1.80 | 350.00 | 630.00 |
| Anthony J. D'Agostino (AJD) | Associate | 1.00 | 220.00 | 220.00 |
|  |  | 3.30 |  | $1,025.00 |

6.  *OBJECTIONS TO CLAIMS*

The primary objection to claim involves a claim by the decedent's estate in the Erla Trust Litigation. Debtors believe that the claim is wholly without merit. The objection is pending. Debtors also brought an objection to the claim of PNC Bank in connection with the adversary complaint that was resolved in the Debtors' favor. These services benefitted the estate on an economic basis by reducing the Debtors' liabilities and thereby increasing the projected distribution to unsecured creditors. These services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 3.90 | 350.00 | 1,365.00 |
| Beverly A. Berneman (BAB) | Partner | 12.70 | 350.00 | 4,445.00 |
|  |  | 16.60 |  | $5,810.00 |

**7.    *PLAN***

G&C worked with the Debtors to develop a plan and draft a disclosure statement to accompany the plan. Creation of the plan involved unique and distinct issues such as projecting the future revenue of the Debtors to fund the plan, providing for appropriate treatment of each class of claims and providing adequate information to the creditors. The plan was confirmed on January 17, 2012. The services benefitted the estate on an economic basis by developing a plan that will maximize the distribution to creditors while allowing the Debtors to emerge from Chapter 11. The services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 12.10 | 350.00 | 4,235.00 |
| Robert R. Benjamin (RRB) | Partner | 1.00 | 480.00 | 480.00 |
| Beverly A. Berneman (BAB) | Partner | 64.10 | 350.00 | 22,435.00 |
| | | 77.20 | | $27,150.00 |

**D.  NARRATIVE SUMMARY**
**STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE**
**APPLICATION FOR PREPARATION OF CURRENT OR**
**PRIOR APPLICATION FOR COMPENSATION**
*[Local Rules 5082-1(B)(1)(c)]*

G&C requests reimbursement for the preparation of this First and Final Fee Petition. G&C has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this First Interim Fee is attached hereto as Exhibit B. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Beverly A. Berneman (BAB) | Partner | | 350.00 | $2,065.00 |

### E. NARRATIVE SUMMARY
### HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed Statements of Services which were attached as Exhibits A and B to the interim fee petition. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 43.50 | 350.00 | 15,225.00 |
| Robert R. Benjamin (RRB) | Partner | 1.50 | 480.00 | 720.00 |
| Beverly A. Berneman (BAB) | Partner | 100.40 | 350.00 | 35,140.00 |
| Beverly A. Berneman (BAB) | Partner | 0.60 | 480.00 | 288.00 |
| Donna F. Hartl (DFH) | Partner | 4.50 | 350.00 | 1,575.00 |
| Caren A. Lederer (CAL) | Partner | 1.00 | 480.00 | 480.00 |
| Anthony J. D'Agostino (AJD) | Associate | 1.00 | 220.00 | 220.00 |
| Nancy Franks-Strauss (NFS) | Sr. Associate | 3.80 | 290.00 | 1,102.00 |
| **TOTAL** | | **156.30** | | **$54,750.00** |

### F. NARRATIVE SUMMARY
### STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED
*[Local Rules 5082-1(B)(1)(f)]*

This is applicant's first and final fee petition.

### G. NARRATIVE SUMMARY
### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT
### *[Local Rules 5082-1(B)(1)(g)]*

G&C seeks reimbursement for out of pocket expenses in the amount of $1,600.56 consisting of the filing fee, amendment fees, copying expenses, postage expenses and the process server fee regarding the adversary complaint.

### H. NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
### *[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid.

### VI. CERTIFICATION

G&C certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor. To date, G&C has not received an objection to the fees.

### VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2) reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,*

203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtors adequately corresponds with the time and labor expended by G&C. The various issues involved required experienced bankruptcy counsel. G&C attorneys have over seventy (70) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtors, G&C was precluded from accepting cases requiring extensive representation during the initial phase of these cases. G&C was able to accomplish a great deal directed towards aiding the Debtors in their reorganization efforts. Considering the results obtained by G&C the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

### VIII. OBJECTIONS

Any objections this fee application should be submitted in writing filed with this Court and delivered to counsel for the Debtor (address below) on or before February 15, 2012.

### IX. CONCLUSION

WHEREFORE, GOLAN & CHRISTIE LLP requests that this Court enter an Order:

A. Determining that the legal services and fees incurred in this fee petition were necessary and reasonable;

    B.    Allowing interim compensation as counsel for the Debtors in the amount of $52,685.00 for fees incurred from September 6, 2011 to January 17, 2012 plus the costs of preparing this fee petition in the amount of $2,065.00 for a total of $54,750.00;

    C.    Allowing reimbursement of out of pocket expenses in the amount of $1,600.56;

    D.    Granting counsel leave to apply the retainer in the amount of $4,541.00 plus a cost advancement of $1,039.00 to the sums awarded; and

    E.    Granting such other and further relief as this Court may deem just and proper.

                      GOLAN & CHRISTIE LLP

                        By: /s/*Beverly A. Berneman*
                            Beverly A. Berneman

Robert R. Benjamin (ARDC # 10070429)
Beverly A. Berneman (ARDC # 06189418)
GOLAN & CHRISTIE LLP
70 W. Madison, Ste. 1500
Chicago, Illinois 60602
(312) 263-2300